JAMES HOFFMAN *et al. v.* A. S. LYONS *et al.,*

AND

G. G. LYONS, Receiver, etc., *v.* JAMES HOFFMAN. *et al.*

REDEMPTION. *Several redeeming. Tenants in common.* Where several parties redeem land, they are tenants in common, the several interests being in proportion to the amount of redemption money paid by each.

FROM HAWKINS.

Appeal from the Chancery Court at Rogersville. H. C. SMITH, Ch.

W. P. GILLENWATERS and F. M. FULKERSON for complainants.

McDERMOTT & KYLE for defendants.

DEADERICK, C. J., delivered the opinion of the court.

On the 4th of February, 1879, a petition for partition of 1,000 acres of land in Hawkins county, was. filed by complainant James Hoffman, and five others, against defendant Lyons, alleging that they were tenants in common of said tract of land. Lyons answered, and filed his answer as a cross-bill, and insists upon a *sale* of the land, and that his claim shall be the first satisfied out of the proceeds of the sale. On the 26th of May, 1865, complainant Hoffman and Geo. M. Lyons, the intestate of said A. S. and G. G. Lyons, filed their attachment bills, in the chancery court at Rogersville, against F. S. Phipps, and subsequently some fifteen or sixteen other creditors filed attachment bills in said court against said Phipps. All of them obtained decrees against said Phipps, and it was adjudged that Hoffman and Lyons were entitled to priority of satisfaction of their debts over the other attaching creditors, and the said other creditors were entitled to share equally, in proportion to the amount of their debts, in the residue of the proceeds of the sale of the attached land, after satisfying the debts and costs adjudged in favor of Hoffman and Lyons. And a decree was entered determining the rights of the parties, the amounts due them severally, and ordering a sale of the land. Lyons had died, and W. H. Waterson had become his administrator, and he and the other parties to this cause, on the 18th of April, 1868, entered into an agreement reciting that they had decrees against said Phipps, for

the sale of his land, and that it had been previously sold under judgment at law, and agreeing to redeem the same, and providing that priorities, as between themselves, were not to be affected by said redemption, and that the land, when redeemed, should stand good to each of them for the amount of money furnished by him. The land was sold on the 25th of April, 1868, and the parties to this suit on that day entered into a further article of agreement, reciting that they had that day become the joint purchasers of said land at the price $23,700, and binding themselves " to hold said land as tenants in common, but subject to the priority and order of liens, as declared by said decree, and according to and in proportion to the amounts respectively due us, as shown by said decree," and authorized the court to vest the title in them as indicated. And it was further agreed, in case any or all of the land was sold by them, " the money shall be paid us in the order of priority shown by the decree of sale." The sale was reported and confirmed, and title was vested in the purchasers, a lien being retained for the purchase money, for which, in equal parts, two notes were executed, according to the terms of said two agreements which were recited and set out in the decree of confirmation. A writ of possession was awarded to put the purchasers in possession.

In May, 1879, the purchasers of the land, including Hoffman and the representative of Lyons, and also those creditors of the second class, and who were entitled to share in the proceeds of the sale, and who

did not unite in the purchase, entered into a further agreement, which was made the basis of a decree in the numerous causes which had theretofore been consolidated and heard together.　This decree was entered at May term, 1879, and set out the agreement in writing.　In that agreement it was recited that the attachments of Lyons and Hoffman were levied on the 26th of May, 1865, and the attachments of the other creditors, whose names are given, were levied on the 30th of May, 1865; that the land was sold and bought, by the seven purchasers, for $23,700 (about the amount of their debts and the costs thereon), for which the purchasers, seven in number, executed two notes, which were then satisfied, and upon the first note of $118.50 a judgment had been taken.　It was further agreed that the purchase of said land was made under an agreement dated the 25th of April, 1868, and is incorporated in the decree of March 3d, 1869.　The agreement then recites: "Now it is agreed between the parties, that under said agreement to purchase, the liability of each purchaser, on the notes, was equal and in proportion to the amounts agreed to be due them;" "that the attachments in the case of Geo. M. Lyons and James Hoffman, being first levied, they have, under the terms and stipulations of the agreement, entered into on the 25th day of April, 1868, the right to a credit on said notes for the amount of their respective recoveries, as ascertained by the decree of March 4th, 1868, with interest thereon to the 25th day of April, 1868, the day of the purchase and date of said notes, including the costs adjudged

in each case against F. S. Phipps, and that, when said credits are entered upon said notes, the same are to be and operate as an absolute discharge and acquittance of all liability on the part of the estate of Geo. M. Lyons, deceased, and on the part of James Hoffman, as to his individual claim, for the payment of the balance due on said notes, and the said estate of Geo. M. Lyons, and James Hoffman, to the extent of his individual claim, are to take the land, under the terms of the decree of March 3d, 1869, in full satisfaction of their claims on said land or against the parties to this proceeding, it being hereby agreed that the estate of Geo. M. Lyons, and James Hoffman, as to his individual claim, are each entitled, under the agreement aforesaid, to take their interest in the land purchased and to hold it free of all claims or liens reserved to secure the payment of said notes, except as hereinafter provided.   It is further understood and agreed hereby, that, under the agreement of April 25th, 1868, the said Eldridge Hord, W. A. Phipps, Jas. G. Phipps, Robert G. Netherland and James Amis, whose attachments were levied on the 30th of May, 1865, and, being second-class creditors, are liable, on their said purchase money notes, to the other second-class creditors, and must *pro rate* their claims with the second-class creditors who did not join in the purchase of the land, and that, when it is ascertained what is due to each of the creditors of the second class, then the amount due to Eldridge Hord, W. A. Phipps, Jas. S. Phipps, R. G. Netherland, W. H. Waterson executor of James Amis, deceased, and James Hoffman assignee of W.

W. Johnson, shall be entered as a credit on said notes executed for the purchase money, and for the balance due the other second-class creditors, the balance due on the purchase money notes shall be collected and appropriated to their claims, and, to secure the same, the liens retained in the decree of confirmation are preserved and continued for the benefit of the second class creditors who did not join in the the purchase. But this reservation of lien, it is agreed and understood, is not to apply · to or affect the individual interest in said land, to which the ·estate of Geo. M. Lyons, deceased, and James Hoffman are entitled, under the decree of March 3d, 1869, but the estate entitled in and to said land, so decreed to ·the estate of Geo. M. Lyons, deceased, and James Hoffman (as hereinbefore limited), is to remain in the per-.sonal representative or the heirs at law of said Geo. M. Lyons, deceased, and James Hoffman, as fixed by decree of March 3d, 1869." The agreement then contains a stipulation that it is not to affect liens of counsel of Lyons, previously declared, for fees. And concludes that the "agreement, when executed, is to be a final settlement of all matters between the parties as to the purchase money of the land." The court then decrees that Lyons and Hoffman are released from all liability on their notes, and that they take the land, under the terms of the decree of March 3d, 1869, in full satisfaction of all claims on said land or against the parties in these causes. And then the court directed an account, between all second-class ·creditors, to ascertain how much of the balance of the

purchase money was due those not joining in the pur-
chase of the land. . The decree of March 3d, 1869,
was a confirmation of the sale of the land, and vested
title in the perchasers as tenants in common, and re-
taining a lien for purchase money, each taking in
quantity of interest according 'to the terms of their
agreement. The chancellor held that the parties were
tenants in common, and the land should be partitioned
amongst them according to their respective interests,
and Lyons has appealed to this court.

Whatever might have been our conclusion upon
the two contracts of April 18th and 25th, 1868, we
are of opinion that it is manifest, from the agreement
of _May, 1879, and decree thereon, that Lyons and
Hoffman took the land, to the extent of their respec-
tive debts, in satisfaction of their claim thereon, and
all claim against any of the parties to the causes in
which said decree was rendered. The benefit they
got was in the release from all liability as purchasers
of the land, and their preference, consisted in securing
their share of the land, without abatement, which the
other purchasers were compelled to suffer.

Lyons will be entitled to have an allowance for
his advances for taxes and in redemption of the land,
and these sums will be charges upon the land, and
may be ascertained by an account. The chancellor's
decree will be affirmed, in holding that the parties
are tenants in common, each having an interest in
proportion to his claim and charges paid thereon, and,
as such tenants in common, entitled to partition
thereof, or sale for partition, but, as it does not

satisfactorily appear that the land is susceptible of partition, the cause will be remanded for inquiry upon this point, and for further proceedings. The appellants will pay the costs of this court.